UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.   8:90-cr-98-T-23TGW
                                                                 8:05-cv-2171-T-23TGW
RICHARD O'CONNOR
_____/

**O R D E R**

O'Connor's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for possession and conspiracy to distribute marijuana, for which offense he was sentenced to 240 months. The conviction and sentence were entered in 1991. In 1997, O'Connor challenged the validity of his sentence in a motion to vacate pursuant to 28 U.S.C. § 2255. *O'Connor v. United States*, 8:97-cv-874-T-23TGW (motion at Doc. 157 & 178 in 90-cr-98). The requested relief was denied in 1999 (Doc. 188). O'Connor then sought permission from the Eleventh Circuit to file a second or successive motion, but permission was denied (Doc. 189). O'Connor nevertheless filed a second motion (Doc. 191), which was promptly denied in 2000 (Doc. 193). The subsequent appeal was dismissed when the Eleventh Circuit denied issuing a certificate of appealability (Doc. 206). O'Connor filed a third motion to vacate sentence in 2001 (Doc. 207), which was immediately denied (Doc. 210).

O'Connor has filed what is styled a "Motion 2255 'Savings Clause,'" but he fails to show that he has permission from the Eleventh Circuit to file a second or successive § 2255 motion. O'Connor is precluded from pursuing a second or successive action without permission from the Eleventh Circuit.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

28 U.S.C. § 2255. O'Connor has not shown that he has obtained permission from the Eleventh Circuit to file the instant petition.

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**. The clerk shall enter a judgment against O'Connor and close this action.

ORDERED in Tampa, Florida, on December 1, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro